1  P. Kristofer Strojnik, SBN 242728
2  pstrojnik@strojniklaw.com
   Esplanade Center III, Suite 700
3  2415 East Camelback Road
   Phoenix, Arizona 85016
4  415-450-0100 (tel.)
5
   Attorneys for Plaintiff
6
                    **UNITED STATES DISTRICT COURT**
7
                     **CENTRAL DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | **(JURY TRIAL DEMANDED)** |
| IWF HOTEL HERMOSA LP, a California limited partnership, | |
| Defendant. | |

   Plaintiff alleges:

                              **PARTIES**

   1.   Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

   2.   Defendant, IWF Hotel Hermosa LP, owns and/or operates and does business as the hotel Hotel Hermosa located at 2525 Pacific Coast Highway, Hermosa Beach, California 90254. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

## JURISDICTION

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

## ALLEGATIONS

7. Plaintiff alleges that Defendant's hotel's disabled parking is not the shortest possible route to the Hotel lobby entrance. Section 208.3.1.

8. Disabled parking spots relate to Plaintiff's disability because she has only one leg and uses a wheelchair, and disabled parking provides for an access aisle and closer distances to an accessible entrance.

9. Plaintiff formerly worked in the hospitality industry. She and her husband are avid travelers to California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws. Testing is encouraged and permitted by the Ninth Circuit.

10. Plaintiff traveled to the Los Angeles area in late December for testing ADA compliance and leisure travel. She has certain plans to stay at Defendant's hotel in June 2024, but when she arrives in June, and Defendant has not remediated, she will remain deterred.

11. During this trip, Plaintiff personally visited Defendant's hotel, which has a parking lot. However, the disabled parking spot was not the shortest distance to the lobby entrance, which is required pursuant to Section 208.3 of the Standards. As a

1  result of the violation that she personally encountered (disabled parking not shortest
2  route to entrance), she was deterred from entering the Hotel lobby and left the Hotel.
3         12.    More specifically, the Hotel has four non-disabled spots directly outside
4  of the building entrance, but the disabled spots are much farther thereby requiring
5  disabled persons in wheelchairs to trek further to enter the building than able-bodied
6  persons who are able to walk.
7         13.    Plaintiff has certain plans of returning and staying at the Hotel in June
8  2024 during one of her many trips to the Los Angeles area, but if she arrives then and
9  Defendant has not remediated, she will remain deterred and will not enter the Hotel.
10        14.    It is readily achievable and inexpensive to modify the Hotel to move a
11 disabled parking spot to the shortest possible route to the lobby entrance.
12        15.    Without injunctive relief, Plaintiff and others will continue to be unable to
13 independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

15        16.    Plaintiff incorporates all allegations heretofore set forth.
16        17.    Defendant has discriminated against Plaintiff and others in that it has
17 failed to make its public lodging services fully accessible to, and independently usable
18 by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and §
19 121282(b)(2)(iv) and the 2010 Standards, as described above.
20        18.    Defendant has discriminated against Plaintiff in that it has failed to
21 remove architectural barriers to make its lodging services fully accessible to, and
22 independently usable by individuals who are disabled in violation of 42 U.S.C.
23 §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the
24 2010 Standards would neither fundamentally alter the nature of Defendant's lodging
25 services nor result in an undue burden to Defendant.
26        19.    In violation of the 2010 Standards, Defendant's Hotel parking lot does not
27 comply with Section 208.3 of the Standards, as described above.
28

3

20. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

21. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

22. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its parking lot be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

23. Plaintiff realleges all allegations heretofore set forth.

24. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

25. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

26. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

27. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

28. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Damages in the amount of $4,000.00; and

e. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 11th day of January, 2024.

*/s/ P. Kristofer Strojnik*
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of January, 2024.

1
2
3
4
5   _____
    Theresa Marie Brooke
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28